# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00373-FDW
# (CRIMINAL CASE NO. 3:06-cr-00417-FDW-1)

| STACY ARTHANIEL THREATT, | ) |              |
|---|---|---|
|                          | ) |              |
| Petitioner,              | ) |              |
|                          | ) |              |
| vs.                      | ) | **ORDER**    |
|                          | ) |              |
| UNITED STATES OF AMERICA,| ) |              |
|                          | ) |              |
| Respondent.              | ) |              |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 12]. The Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

## I.     BACKGROUND

On October 26, 2006, Petitioner Stacy Arthaniel Threatt ("Petitioner") was charged in a Bill of Indictment with one count of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (Count One); one count of possessing a firearm in furtherance of a crime of violence, that is, the robbery described in Count One, in violation of 18 U.S.C. 924(c)(1) (Count Two); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR Doc. 1: Bill of Indictment].

Petitioner agreed to plead guilty to all three counts without a plea agreement. [CR Doc. 28

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00373-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:06-cr-00417-FDW-1.

at ¶ 22: Entry and Acceptance of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [See CR Doc. 34 at 2: Sentencing Memorandum; CR Doc. 46 at 5: Sentencing Tr.]. The probation officer found Petitioner's Criminal History Category to be VI, and, without a career offender enhancement, Petitioner's Total Offense Level (TOL) to be 29, which would have yielded a guidelines range of 151 to 188 months' imprisonment, followed by a mandatory statutory term of 84 months' imprisonment for Count Two, 18 U.S.C. § 924(c). [See CR Doc. 34 at 2]. The probation officer, however, found that Petitioner was a career offender subject to a sentencing enhancement, yielding instead a TOL of 32 and a guidelines range of 262 to 327 months' imprisonment. [See id.; CR Doc. 46 at 23].

At sentencing, the Court accepted the application of the career offender enhancement. [CR Doc. 46 at 22-23]. The Court sentenced Petitioner to a term of imprisonment of 204 months on Count One, a term of imprisonment of 120 months on Count Three, to be served concurrently with the term imposed on Count One, and a term of imprisonment of 84 months on Count Two, to be served consecutively to the terms imposed on Counts One and Three, for a total term of imprisonment of 288 months. [CR Doc. 38 at 2: Judgment]. Judgment on this conviction was entered on April 21, 2008. [Id.]. The Fourth Circuit Court of Appeals affirmed Petitioner's sentence. [CR Doc. 50].

On June 16, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. Upon the request of the Government, this matter was stayed pending the Supreme Court's decision in Beckles v. United States, No. 15-8455, and the Fourth Circuit's decisions in United States v. Ali, No. 15-4433, and

United States v. Simms, No. 15-4640. The Supreme Court decided Beckles on March 6, 2017. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. The Court then ordered the parties to show cause why the stay should not be lifted in light of Davis. [CV Doc. 8]. The Government agreed the stay should be lifted and timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Docs. 9, 12]. Petitioner had filed a Supplemental Memorandum in Support of Section 2255 Motion only days before the Government moved to dismiss. [CV Doc. 11]. Petitioner also filed a response to the Government's motion [CV Doc. 13] and the Government replied [CV Doc. 14].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Two was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1 at 1-

2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner argues his § 924(c) conviction is invalid under Johnson.[2] [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally

---

[2] Petitioner also argues that he does not qualify as a career offender under Johnson because "the residual clause [of the sentencing guidelines] in § 4B1.2(a)(2) is identical to the one in the Armed Career Criminal Act," and, therefore, also void for vagueness. [CV Doc. 1 at 2-3]. This argument has been unequivocally foreclosed by the Supreme Court's decision in Beckles, which held that the advisory sentencing guidelines are not subject a vagueness challenge under the Due Process Clause. Beckles, 137 S. Ct. 886, 892 (2017). The Court, therefore, does not address this issue further.

indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for aiding and abetting Hobbs Act robbery can qualify as § 924(c) "crime of violence" only under the force clause.[3] [CV Doc. 1 at 5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Two is only valid if aiding and abetting Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because, like conspiracy to commit Hobbs Act robbery, it does not 'invariably require the actual, attempted, or threatened use of force.'" [CV Doc. 11 at 3 (quoting Simms, 914 F.3d at 233-34)]. This argument, however, is legally unsupported.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

---

[3] In Petitioner's Supplemental Memorandum, Petitioner argues for the first time that Petitioner was charged in Count One with aiding and abetting and attempted Hobbs Act robbery and that any ambiguity regarding the underlying § 924(c) "crime of violence" predicate should be construed against the Government. [CV Doc. 11 at 1, 3]. Petitioner, however, was not charged with attempted Hobbs Act robbery. He was clearly charged with one count of aiding and abetting Hobbs Act robbery and one count of possessing a firearm in furtherance of aiding and abetting Hobbs Act robbery. [CR Doc. 1]. There is simply no ambiguity in the Indictment to support Petitioner's argument in this regard. Further, attempted Hobbs Act robbery is a crime of violence in any event. United States v. Castellon, No. 3:16-cv-00256, at *5 (W.D.N.C. Jan. 23, 2020).

5

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). See also United States v. Steward, 2019 WL 6875294, *1 (4th Cir. Dec. 17, 2019) (citing Mathis for the proposition that aiding and abetting Hobbs Act robbery is a crime of violence). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 12] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: February 18, 2020

Frank D. Whitney
Chief United States District Judge