UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-cr-00417-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| (1) STACY ARTHANIEL THREATT, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for Compassionate Release (Doc. No. 89). For the reasons which follow, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I. BACKGROUND**

In April 2006, the Defendant, Donta Lamar Johnson, and a juvenile robbed a Petro Express on Randolph Road in Charlotte, North Carolina. (Doc. No. 88, ¶ 4). That day Johnson went into the store, briefly returned to the car that the three accomplices had arrived in, and then re-entered the store. Id. Defendant then entered the store, armed with a shotgun and covering his face. Id. Defendant shoved the shotgun into the clerk's chest and said, "Give me the money." Id. Johnson grabbed the cash register and the two returned to the car, which the juvenile then drove away. Id.

Police quickly arrived on the scene, and an officer located the suspect vehicle in the nearby Grier Heights neighborhood. Id. Officers detained the juvenile, who admitted his role in the robbery and identified Defendant and Johnson as the other two participants. Id. Later that day, law enforcement officers arrested Defendant on unrelated misdemeanor warrants. Id. at ¶ 5.

1

During an interview, Defendant admitted to committing the robbery with Johnson. Id.

Two days later, officers received information that the shotgun used in the robbery was located at a residence in the Grier Heights neighborhood where officers found the suspect vehicle the night of the robbery. Id. Officers conducted a consent search at the residence and found a shotgun under some clothes in a closet under a staircase. Id.

A grand jury indicted Defendant, charging him with Hobbs Act robbery and aiding and abetting the same; brandishing a firearm in furtherance of a crime of violence and aiding and abetting the same; and possession of a firearm by a felon. (Doc. No. 1). Defendant pleaded guilty to all three counts without a written plea agreement. (Doc. No. 28, p. 3–4). This Court sentenced him as a career offender to 288 months of imprisonment. (Doc. No. 88, ¶¶ 28, 46, 77–78); (Doc. No. 38). The Fourth Circuit affirmed his sentence on appeal. United States v. Threatt, 306 F. App'x 817, 818 (4th Cir. 2009).

In 2016, Defendant filed a motion to vacate, challenging his conviction for brandishing a firearm in furtherance of a crime of violence in light of Johnson v. United States, 576 U.S. 591 (2015). Threatt v. United States, No. 3:16CV373, 2020 WL 814316, at 2 (W.D.N.C. 2020). This Court dismissed his motion, rejecting his assertion that aiding and abetting Hobbs Act robbery is not a crime of violence. Id. at 3. Defendant filed the present motion for compassionate release on September 25, 2020. (Doc. No. 89).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant states he has a heart murmur, irregular heartbeat, prior positive reactions to a tuberculosis test, and has suffered a spontaneous pneumothorax caused by scarred lung tissue and blebs (air blisters). Id. Defendant's essential argument is that he qualifies for

2

Compassionate Release because his past medical history creates a personal belief that exposure to COVID-19 "would more than likely not end well for [him]." Id. To support his request, Defendant contends that he has had no disciplinary actions while incarcerated, he participates in rehabilitative programs, participates in academic course offerings, and is a spiritual leader. Id. Defendant, however, does not provide a specific reason or qualifying circumstance under United States Code Title 18, Section 3582(c)(1)(A) that suggests this court should release him from his sentence early, nor do the factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13.  The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence

reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The government first contends that Defendant has not exhausted his administrative remedies with the BOP. Even if he had exhausted his remedies, however, he has not shown any extraordinary or compelling reasons to reduce his sentence. (Doc. No. 92, p. 11). Specifically, the government recognizes that Defendant's medical records show an unspecified anomaly of the heart and an unspecified respiratory disorder listed as conditions but notes that they have been "resolved" for years. (Doc. No. 93, p. 89). Defendant did receive a prophylactic treatment against latent tuberculosis, but it was in 2009. Id. Additionally, Defendant is only 46 years old and has not provided any condition recognized by the CDC as placing him at risk of severe illness by COVID-19. (Doc. No. 92, p. 12). Therefore, the government contends that resolved treatments of a heart anomaly and an unspecified respiratory disorder, coupled with over a decade old latent TB treatment, are not extraordinary and compelling reasons to justify Defendant's release from prison. Id.

Defendant's *pro se* Reply (Doc. No. 97) to the Government's Response provided a copy of his prison medical record, a copy of his petition to the Warden requesting a sentence reduction and subsequent response denying, and a copy of the opinion of U.S. v. Ireland, 17-20203, 2020 WL 4050245 (E.D. Mich. July 20, 2020) (determining that the uncertain interplay of latent tuberculosis and COVID-19 is cause for early release). Regarding Defendant's other asserted medical issues, he simply circles them on his medical record to demonstrate their general existence at some point in time. Defendant neither provides information about the current state of COVID-19 at his place of incarceration, FCI Butner II, nor the actual risk he faces by remaining

incarcerated. In fact, the data and reporting from the BOP regarding the pandemic suggests that FCI Butner II is managing the pandemic well.[2] This data suggests that the facility's protections against the COVID-19 pandemic are working, and Defendant is not in imminent danger.

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Further, there is no evidence that BOP cannot care for Defendant adequately. Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

*Assuming*, *without deciding*, Defendant exhausted his administrative remedies *and* he is qualified for release due to extraordinary and compelling reasons for his latent tuberculosis and other health concerns, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a). Defendant's offense was violent—he stuck a shotgun into the chest of a store clerk while committing an armed robbery. (Doc. No. 88, ¶ 4). He committed the offense with a juvenile, although Defendant was 32 years old at the time of the offense. Id. He has an extensive criminal history, including prior convictions for possession with intent to sell/deliver cocaine (three counts), felony possession of cocaine (three counts), and selling cocaine, which earned him 21 criminal history points and career offender status. Id. at ¶¶ 28, 35–46. While

---

[2] As of the date of this Order, FCI Buter II currently has 66 active COVID-19 inmates out of 1,368 total inmates in the facility. https://www.bop.gov/coronavirus/

6

Defendant's efforts during his imprisonment to better himself and contribute meaningfully to the prison population are recognized and commended, his prior violent conduct, his drug trafficking, his otherwise extensive criminal history, his disrespect for the law, and the need to protect the public from him, as well as the other 3553(a) factors, all strongly support the Court denying his Motion for Compassionate Release (Doc. No. 89)..

**III. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 89) is DENIED.

IT IS SO ORDERED.

Signed: February 5, 2021

Frank D. Whitney
United States District Judge